[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-13840

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 28, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-14011-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO  R. FASANELLI,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(March 28, 2006)**

Before BLACK, BARKETT and COX, Circuit Judges.

PER CURIAM:

Mario R. Fasanelli appeals his conviction and 120-month sentence, imposed

following a jury trial, for possession with intent to distribute, and conspiracy to

possess with intent to distribute, 50 grams or more of a substance containing methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 846. On appeal, Fasanelli raises numerous evidentiary issues and contests the sufficiency of the government's evidence. Fasanelli further argues that his sentence is unconstitutional in light of United States v. Booker, 543 U.S. 220 (2005).

At trial, the key government witness against Fasanelli was John Dyal, who had agreed to assist in the case against Fasanelli in hopes of receiving a reduced sentence in exchange for his cooperation. Dyal arranged a series of meetings with Fasanelli, which eventually included undercover government agents. During one of these meetings, Fasanelli introduced the government agents to Justin Bailey and Bailey and Fasanelli then agreed to a methamphetamine transaction which Bailey consummated. This transaction constitutes the basis of the charges against Fasanelli. We address each of the issues on appeal, in turn.

## I. Evidentiary Issues

Fasanelli first argues that Federal Rule of Evidence 404(b) was violated by erroneously admitting Dyal's testimony that prior to the date of the charged conspiracy, he had repeatedly purchased drugs from Fasanelli and knew Fasanelli "strictly [as a] drug dealer," and by erroneously admitting Officer Richard

2

McAfee's testimony regarding Fasanelli's prior state arrest and guilty plea to charges for the sale of MDMA ("ecstacy").

Fasanelli also argues that permitting Agent Mitchell to testify that Fasanelli agreed to purchase methamphetamine at a meeting with undercover agents, where Mitchell was not present nor otherwise himself heard Fasanelli make any such agreement, violated Federal Rule of Evidence 802 and the Sixth Amendment's Confrontation Clause. We review preserved evidentiary objections for an abuse of discretion. United States v. Hernandez, 921 F.2d 1569, 1582 (11th Cir. 1991).

### A. Rule 404(b)

Rule 404(b) does not permit the admission of "evidence of other crimes, wrongs or acts . . . to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). However, the rule provides that such evidence "may . . . be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. In United States v. Matthews, 431 F.2d 1296 (11th Cir. 2005), we recently made clear that a not guilty plea to a conspiracy charge puts intent at issue, unless the defendant "affirmatively takes the issue of intent out of the case." Id. at 1311 (internal quotation marks and citations omitted). We find no error in the admission of Fasanelli's July 2000 arrest and plea on unrelated state charges as

evidence of intent under Rule 404(b) since Fasanelli had put his intent at issue by pleading not guilty.   For the same reason, we find no error in the admission of Dyal's statements concerning his prior drug-sales relationship with Fasanelli.  The district court admitted this evidence on a similar theory: that Fasanelli's not guilty plea placed his intent at issue; that his prior relationship with Fasanelli was relevant to prove intent; and that Dyal's testimony concerning their prior relationship was necessary to complete the story of the crime, as it explained why Dyal contacted Fasanelli under the agents' direction.

### B. Hearsay / Confrontation Clause

Over Fasanelli's hearsay objection, the district court permitted agent Mark Mitchell to testify that he "obtained an understanding" that Fasanelli agreed to sell methamphetamine at a meeting with Bailey, Dyal, and undercover agents.  Mitchell testified that he was not part of that meeting, nor otherwise himself heard Fasanelli make any such agreement.  The district court admitted the evidence on the theory that it was admitted to show the course of the government's investigation, rather than for the truth of the matter asserted.  On appeal, Fasanelli challenges the district court's ruling on both hearsay and Confrontation Clause grounds.

Federal Rule of Evidence 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial . . . offered in evidence to

4

prove the truth of the matter asserted." Hearsay is inadmissible. Fed. R. Evid. 803.

Hearsay testimony also violates the Confrontation Clause where it is testimonial in nature – for example when it is "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial" – unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination. Crawford v. Washington, 541 U.S. 36, 52 (2004) (internal quotation marks and citation omitted).

The district court abused its discretion in admitting Mitchell's testimony. Contrary to the district court's assumption, the record makes clear that Mitchell's testimony could not have been offered to explain the course of the government's investigation. After Mitchell testified that he "obtained an understanding" that Fasanelli agreed to the drug sale, the government ended the direct examination. At no point did Mitchell explain how his "understanding" of Fasanelli's agreement to the transaction affected or determined the course of the government's investigation. See United States v. Williams, 133 F.3d 1048, 1051 (7th Cir. 1998) (holding that testimony was not admissible for the non-hearsay purpose of explaining the course of the government's investigation where the testimony was in fact unrelated to any background or explanation of the investigation); cf. United States v. Hawkins, 905 F.2d 1489, 1495 (11th Cir. 1990) (testimony regarding postal complaints was

admissible non-hearsay where it was necessary to show the progress of the government investigation and where the district court limited testimony to the fact that there were complaints, without permitting inquiry into the substance of the complaints). Indeed, Mitchell's own testimony indicated that he had limited involvement in the government's investigation and was in the vicinity during the Fasanelli meeting only for the protection of the undercover agents. The admission of Mitchell's testimony clearly violated Rule 803 and was an abuse of discretion. Because we find error in the admission of the testimony under Rule 803, we need not address Fasanelli's constitutional argument.

This preserved evidentiary error requires reversal where it works a "substantial influence" on the outcome of a case or leaves "grave doubt" as to whether it affected the outcome of a case. United States v. Frazier, 387 F.3d 1244, 1266 n.20 (11th Cir. 2004) (en banc). In this case, however, the record compels a conclusion that the admission of Mitchell's testimony concerning Fasanelli's agreement to the drug sale was harmless error. While Mitchell's testimony was inadmissible hearsay, another government witness – detective Robert Pettit – gave substantially identical, and admissible, first-hand testimony concerning Fasanelli's agreement to the methamphetamine sale. As the jury ultimately heard Pettit's admissible and more damaging account of his first-hand meeting with Fasanelli,

6

any prejudice resulting from Mitchell's testimony is negligible.  See United States

v. Balfany, 965 F.2d 575, 582 (8th Cir. 1992) (holding that erroneous admission of

hearsay testimony was harmless where essentially the same testimony was given in

admissible form by another witness); United States v. DeLoach, 654 F.2d 763, 771

(D.C. Cir. 1980) (holding that admission of hearsay testimony was harmless where

the jury heard admissible testimony from three other sources to the same effect).

## II. Sufficiency of the Evidence

Fasanelli next argues that as to both his possession conviction and conspiracy

to possess conviction, the jury lacked sufficient evidence to return a guilty verdict.

Concerning the conspiracy conviction, Fasanelli argues that there was insufficient

evidence to show any agreement between himself and Bailey, or anyone else, to

distribute methamphetamine.  He focuses in particular on Bailey's statement that

Fasanelli had nothing to do with the offense as well as the absence of either

recorded conversations or drugs seized from Fasanelli's person or home.

In reviewing challenges to the sufficiency of the evidence, we draw all

inferences and credibility choices in the government's favor, United States v.

Garcia, 405 F.3d 1260, 1269 (11th Cir. 2005), reversing only where no reasonable

jury could have found the defendant guilty under any reasonable construction of the

evidence,  United States v. Gonzales, 71 F.3d 819, 834 (11th Cir. 1996).  Under this

7

standard, Fasanelli's challenge to his conspiracy conviction fails.

At trial, Dyal testified that (1) he met repeatedly with Fasanelli and, on at least one occasion, they discussed an acquaintance of Fasanelli's who could provide Dyal with methamphetamine; (2) Fasanelli identified this acquaintance as Justin Bailey and told Dyal that Bailey, the source of methamphetamine, was en route to South Florida; (3) Fasanelli and Dyal discussed drug transactions in coded language, which Dyal explained to the jury; and (4) Fasanelli told Dyal that if Dyal could not purchase the drugs by himself, they could purchase them together. Detective Robert Pettit, who acted as an undercover agent in this operation, testified that (5) Fasanelli and Bailey agreed to sell the charged narcotics to him; (6) Fasanelli informed Pettit of the price of the drugs involved; (7) Fasanelli and Bailey discussed the quality of the methamphetamine with Pettit and how best to "cut" it; (8) Fasanelli told Pettit that he looked forward to a long business relationship with him; (9) when Pettit indicated that he would need the drugs delivered to him, Fasanelli told him that Bailey would "bring it up" the next day; and (10) Fasanelli told Bailey to put the drugs in a "laser facial" device Fasanelli had bought earlier that day. The totality of this evidence is clearly sufficient to support the jury's conviction for the charged conspiracy.

As to the possession conviction, Fasanelli argues that the government never

8

proved either actual possession of, nor dominion or control over, the methamphetamine in question.  However, under circuit precedent, Fasanelli may be convicted of possession under an aiding and abetting theory provided that the government showed that: (1) a substantive offense was committed; (2) Fasanelli associated himself with the criminal venture; and (3) Fasanelli had the same unlawful intent as the actual perpetrator.  United States v. Perez, 922 F.2d 782, 785-86 (11th Cir. 1991).  So long as the government proves these elements, it need not show that Fasanelli was present at the scene of the crime.  Id.

As discussed above, there was testimony at trial that Fasanelli and Bailey agreed with government agents to the methamphetamine sale.  Furthermore, trial testimony showed that Fasanelli told the agents that the drugs would be concealed in a laser-facial machine of his, and that he wanted the laser machine returned.  When Bailey delivered the drugs, they were packaged inside such a machine.  After Bailey's arrest, Dyal telephoned Fasanelli to inquire as to his whereabouts.  Fasanelli then represented that Bailey was en route to the appointed meeting place.  This evidence is clearly sufficient to satisfy the elements of possession on an aiding and abetting theory.

**III. Sentencing**

Finally, Fasanelli argues that he is entitled to re-sentencing because his

sentence involves both constitutional and statutory error under <u>Booker</u>, 543 U.S. 220, and that the district court erred by failing to find the guidelines unconstitutional under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). The superseding indictment had charged Fasanelli with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine and possession with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine. The jury completed a special verdict form in which it found that Fasanelli's offenses had involved 50 grams or more of a mixture and substance containing methamphetamine.

Fasanelli's presumptive guidelines sentencing range, with a total offense level 32 and a criminal history category III, was 151 to 188 months' imprisonment. Fasanelli was, however, also subject to a statutory mandatory minimum sentence of ten years' imprisonment and a statutory maximum sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A). The district court agreed with Fasanelli's argument that the guidelines enhancement should not be applied and instead sentenced Fasanelli to the lesser statutory minimum sentence of 120 months. Thus, Fasanelli's receipt of the ten-year statutory mandatory minimum sentence of incarceration negates any possible plain error emanating from the district court's consideration of the guidelines computations applicable to Fasanelli as though they

were mandatory.

**AFFIRMED.**